UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HEIDI LYNN WOLFANGER,

                Plaintiff,

      -vs-               **No. 16-CV-6688-MAT**
                            **DECISION AND ORDER**
ANDREW M. SAUL,[1] Commissioner of
Social Security,

                Defendant.

---

## INTRODUCTION

Represented by counsel, Heidi Lynn Wolfanger ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), which denied her application for disability insurance benefits ("DIB"). This Court issued a decision reversing the Commissioner's decision and remanding the case to the Social Security Administration ("SSA") for calculation of benefits. Now before the Court is Plaintiff's Motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel is requesting a fee of $17,436.75.

## PROCEDURAL HISTORY

Plaintiff's civil action was before this Court for judicial review of the Commissioner's decision denying Plaintiff's application for DIB. (Docket No. 27). On May 30, 2018, the U.S.

---

[1] The President nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

District Court for the Western District of New York remanded the case to the SSA for calculation of benefits. Id.

Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") and entered into a stipulation with United States Attorney Kathryn L. Smith. (Docket No. 25). The Court approved the stipulation awarding an EAJA fee of $6,517.24 on September 10, 2018. Id.

Counsel and Plaintiff entered into a contingency fee agreement stating counsel shall charge and receive 25% of Plaintiff's past due benefits if Plaintiff won the case. (Docket No. 27 Exhibit A). The agreement also states that if the 406(b) fee is awarded to counsel then counsel must return the smaller fee award, usually the EAJA fee award, to Plaintiff. Id. The agreement was signed by Plaintiff on October 6, 2016, and by counsel on October 13, 2016. Id. At 2.

**APPLICABLE LEGAL PRINCIPLES**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart,

2

535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are reasonable, as required by Social Security Act and Gisbrecht, supra.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

**DISCUSSION**

**A. Reasonableness of the Fee Requested**

As an initial matter, the Court notes that the Social Security Administration's ("SSA") Notice of Award states that Plaintiff's first check would be in the amount $850.00, representing benefits through December 2018. The SSA also stated that it withheld 25% to pay any representative's fee in the amount of $17,436.75 to pay

Plaintiff's representative. Thus, it appears that her total past due benefits amount was $69,747.00, which amount is nowhere reflected on the SSA's Notice of Award. Using the figure of $17,436.75, Ccounsel's requested amount of $17,436.75 does not exceed the statutory cap and is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a remand to the SSA by this Court for calculation of benefits. This factor weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Dividing

the Section 406(b)(1) fee requested ($17,436.75) by the total hours expended by Counsel and paralegals (38.9 hours) yields an effective hourly rate of $448.25. However, the Commissioner states the 9.6 hours spent on the case by paralegals should be subtracted from the total hours expended by counsel. Therefore, with a total of 29.3 hours the effective hourly rate would be $595.11. The Commissioner states that "Courts in the Second Circuit have generally viewed such an hourly rate to be reasonable." See Docket No. 28 at 2 (citing Heffernan v. Astrue, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. 2015) (other citations omitted). The Commissioner also "recommends that this Court find that the requested Section 406(b) fee award is reasonable and is not a windfall." Id. Additionally, "[w]hile either hourly rate is no doubt considerable, both nonetheless fall well within the range of rates recently approved by courts in this district and elsewhere in the Second Circuit when analyzing applications under 42 U.S.C. § 406(b)." Rita M. B. v. Berryhill, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018).

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1).

5

Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, <u>Gisbrecht</u>, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff. <u>Id.</u> at 805.

Consideration of all of the <u>Gisbrecht</u> factors warrant a finding that the requested fee is reasonable, and the Commissioner does not disagree. Additionally, Counsel has stated that he will refund the amount of the EAJA fee award to Plaintiff (<u>i.e.</u>, $6,517.24) should the Section 406(b) application be approved. (Docket No. 27 at 3). <u>See Gisbrecht</u>, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original).

### B. Timeliness of the Section 406(b) Motion

The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." <u>Geertgens v. Colvin</u>, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not yet squarely addressed the question of what standard should govern the question

of whether a Section 406(b) application is timely filed. Courts in this District, up until recently, had consistently applied a reasonableness standard. See, e.g., Jenis v. Colvin, 12-CV-0600A, 2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); see also Buckingham v. Astrue, 07-CV-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); but see Sinkler v. Berryhill, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), appeal docketed, 18-2044 (2d Cir. July 11, 2018). However, newly enacted Western District of New York Local Rule 5.5(g)(1) rejects the 14-day standard and sets a window of 65 days for filing Section 406(b) applications.

Counsel does not address timeliness in his motion for attorney's fees under Section 406(b). However, the Commissioner represents that counsel's fee petition is timely because the Notice of Award is dated December 20, 2018, and the instant action was filed January 7, 2019, making the instant action filed a total of 18 days after the December 20, 2018, Notice of Award. See Docket No. 28 at 2. Therefore there is no issue of delay and his Section 406(b) Motion, filed January 7, 2019, is timely under new Local Rule 5.5, which may be applied, insofar as just and practicable, to all actions pending as of January 1, 2019.

## CONCLUSION

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Docket No. 27) in its entirety and awards Plaintiff attorney's fees in the amount of $17,436.75. The Court directs the Commissioner to release the funds withheld from the benefits awards. Upon receipt of the Section 406(b) fee, Counsel is directed to remit to Plaintiff $6,517.24, representing the EAJA fees received in Plaintiff's case before this Court.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: July 5, 2019
Rochester, New York